[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
When Osama bin Laden unleashed his terror attacks on the continental United States on September 11, 2001, he had no idea of the length and breadth of his crimes.
One of the hundreds of thousands of consequences of those cowardly criminal acts was the erosion and irreparable damage done to the separation agreement which had been the treaty of cooperation between the plaintiff/mother and the defendant/father in the above-captioned matter.
The parties had been divorced in the Superior Court of New Jersey, Chancery Division: Family Part, Morris County, on May 14, 1997. CT Page 929
Under § 46b-71 of the Connecticut General Statutes, that New Jersey decree was properly filed in this court and became a judgment of the Connecticut Superior Court on June 22, 2000.
On November 8, 2001, the plaintiff filed a motion for modification of visitation post judgment, and within one week thereafter, the defendant filed a motion for contempt against the plaintiff
Both parties, their counsel, and counsel for the two minor children appeared before the court and were heard regarding said two motions.
At issue in both motions is the noncompliance by the plaintiff/mother with the terms of the parties' stipulated agreement, which became an order of this court on March 12, 2001.
The plaintiff alleges in her motion that since the events of September 11, 2001, the provisions of the agreement have not only been rendered impractical but, further, that they are no longer orders which are in the best interests of the parties' two teenage daughters.
The defendant alleges in his contempt motion that the plaintiff has acted in contempt of the court orders by failing and refusing to transport the minor children to either LaGuardia Airport or to a substitute airport for their once-per-month nonstop flight to Rochester, New York for a weekend visit with their father.
The facts found by this court are that the Friday evening nonstop flight from LaGuardia to Rochester was eliminated by the airline, U.S. Air, after the events of September 11. It was replaced by a flight with a connecting stop in Pittsburgh, which requires all passengers to change planes after (hopefully) arriving in Pittsburgh on time to make their connection.
Apparently, neither party could or did anticipate that deviation from their stipulation regarding visits to Rochester by commercial airliner.
The options left are a later Friday evening flight from another airport (JFK or Newark) with a later arrival in Rochester, or a Saturday morning flight from LaGuardia to Rochester, which reduces the weekend stay to an overnight visit.
Additionally, the children, to some extent, share the same anxiety about commercial airline flights and visits to airports which most of us now have. CT Page 930
Aside from the exigencies with the flights which are beyond control of either parent, an equally compelling issue was proffered by the attorney for the two minor children.
It was noted that both of these minor children are now teenage high school students. They enjoy excellent grades and participate in after school activities and I hold part-time jobs. They are beginning to develop very age appropriate agendas of their own and cannot be arbitrarily shuttled between parents as they could when they were younger and less preoccupied with plans and responsibilities of their own.
To their credit, neither has demonstrated any animosity or acrimony to their mother or father over the visitation issues.
It is apparent to the court that the plaintiff has not knowingly, willingly and wrongly acted in contempt of the court's orders by her refusal to maintain the flight arrangements set forth in the March 12, 2001 stipulation.
The motion for contempt is denied.
It is also apparent to the court that the minor children have rights, interests and responsibilities which require a modification of the visitation orders previously existing in this case.
For that reason, the court adopts and approves the minor children's proposed orders, dated January 14, 2002, a copy of which is attached hereto, and finds said proposed orders to be in the best interest of the minor children. The judgment of dissolution, dated June 22, 2000, is opened and the children's proposed orders are incorporated by reference and made a part of said judgment. In all other respects, the judgment of June 22, 2000 remains in full force and effect.
Doherty, J.
[EDITORS' NOTE: MINOR CHILDREN'S PROPOSED ORDERS IS ELECTRONICALLY NON-TRANSFERRABLE.]